TIM C. HALE (SBN 114905)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: thale@computerlaw.com

Attorneys for Plaintiff PICTOPIA.COM

ORIGINAL FILED

JAN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

PICTOPIA.COM, a California corporation,

    Plaintiff,

v.

REPLAY PHOTOS, LLC, a North Carolina limited liability corporation,

    Defendant

Case No. C08-00313 JCS

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Pictopia.com ("Pictopia") alleges as follows against Defendant Replay Photos, LLC ("Replay"):

### NATURE OF THE ACTION

1. This is an action for declaratory relief based upon Defendant Replay's having (a) alleged that Plaintiff Pictopia has intentionally interfered with Replay's alleged exclusive business relationships with numerous collegiate institutions to offer photos of athletes during events on behalf of such institutions, and (b) denied that Plaintiff Pictopia is permitted to provide on-line technical and transactional services to the collegiate institutions to sell their own photos.

### THE PARTIES

2. Pictopia is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Emeryville, California. Pictopia is in the business of, and a worldwide leader in, business-to-consumer (B2C) digital and on-line photo fulfillment services. Pictopia's

1 automated vendor services enable organizations, such as colleges or universities, as well as individual
2 professional and amateur photographers, to sell photos from their image collections directly to the public.

3. On information and belief, Defendant Replay is or purports to be a North Carolina corporation with its principal offices in Durham, North Carolina. Replay operates an on-line store whereby athletic photos of colleges and universities are stored, categorized for viewing, and printed on-demand by the consumer. On information and belief, Replay sells its products throughout the United States and in this District.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 2201 et seq. for declaratory relief, and pursuant to 28 U.S.C. § 1332 for diversity of citizenship, as the amount in controversy exceeds the sum of $ 75,000 and as the parties are citizens of different states (i.e., Plaintiff Pictopia is located in California and Defendant Replay is located in North Carolina). Venue is also proper in this District in that Pictopia is located here and the injury it complains of has been or will be suffered here.

## STATEMENT OF FACTS

5. For several years, Pictopia has provided an automated web-based image fulfillment platform providing technical and B2C services for numerous entities such as newspapers, magazines and colleges, in many cases through contracting with various entities, such as CSTV and Jump TV, among others, rather than with such collegiate institutions directly. Pursuant to such services, Pictopia merely provides the means for image-holders to offer their images to the public, and does not itself obtain rights in or offer any images.

6. In a letter dated September 12, 2007, counsel for Defendant Replay placed Pictopia on "notice" for alleged actionable interference with Replay's contractual relationships with certain collegiate institutions. Replay claimed that it has the exclusive contractual right to be the only third party authorized to sell, market and distribute a wide variety of images depicting athletes at collegiate events. Replay demanded that Pictopia cease and desist from all business activity involving the sale of images related to certain collegiate institutions.

7. In a response letter dated September 18, 2007, Pictopia clarified its vendor capacity to the collegiate institutions in question, and denies any violation of or interference with Replay's contractual rights. In particular, Pictopia assured Replay that in working with the collegiate institutions it has simply

provided an automated image display and sale service that the collegiate institutions themselves – through the licenses between Pictopia and their agents, such as Jump TV and CSTV – can then use to sell copies of their own images. Indeed, Pictopia clarified for Replay that it never retained any licensing rights to the images themselves, but merely provides an automated vendor service to the collegiate institutions. Pictopia further requested the actual agreements and license language it is alleged to have interfered with by Replay.

8. Replay refused to produce the actual agreements requested, and rejected Pictopia's assertion that it merely serves as a vendor to the collegiate institutions in question. In fact, Replay further alleged without basis that Pictopia must be directly or indirectly involved with the actual sale of the images. Nonetheless, Replay acknowledged that despite its claimed exclusive position, the numerous collegiate institutions with which it contracted retained the rights to sell and distribute the same images. Reply has failed and refused to explain on what basis Pictopia, as a vendor who has no rights to offer images itself, but merely is contracted with to produce and distribute images on behalf of image-holders, is in fact in violation of Replay's rights.

9. Pictopia and Replay continued to correspond in writing regarding the parties' respective rights under the many agreements at issue. Despite said correspondence, the parties were unable to resolve the differences in contract interpretation. Finally, on December 21, 2007, Replay sent its final correspondence stating that further correspondence would not be necessary. Pictopia is informed and believes that Replay currently contemplates filing suit against Pictopia.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief Against Replay)

10. Pictopia repeats and realleges the allegations set forth in Paragraphs 1 through 9, above, as if set forth in full herein.

11. A dispute and disagreement has arisen between Pictopia and Replay with regard to their respective rights and obligations in connection with the digital distribution of images belonging to certain collegiate institutions. While Plaintiff Pictopia has adhered to and continues to adhere to the agreements with its licensors, acting as agents of certain collegiate institutions, which institutions are rightsholders to the images in dispute, Defendant Replay has alleged that Pictopia's continued business activity involving the images in dispute constitute intentional interference with its contractual relationships with the corresponding collegiate institutions.

12. Indeed, while Replay admits that the collegiate institutions retain the right to sell and contract vendors to sell and distribute athletic images, it claims that Pictopia's continued provision of fulfillment services for the images constitutes intentional interference. Replay has demanded that Pictopia cease and desist all business activity involving the images in dispute, which demand is extremely distressing, as such services provide a substantial portion of Pictopia's revenues.

13. Contrary to the positions and demands of Replay, Pictopia believes that it has at all times acted in accordance with the agreements it entered into with its licensors, acting as agents on behalf of certain collegiate institutions, and that it has in no way breached or interfered with any rights belonging exclusively to Replay. At all times, Replay has refused to either provide the full agreements it claims are being interfered with, or to address how those agreements deal with the use of outside vendors such as Pictopia.

14. Replay disputes Pictopia's rights as set forth above and asserts that Pictopia is acting to intentionally interfere with the contract between Replay and certain collegiate institutions. Unless and until a judicial determination and declaration of the parties' rights can be obtained, which determination and declaration Pictopia requests be expedited, the parties, as well as uninvolved third parties, will suffer irreparable harm. Pictopia requests that this matter be set for trial at the earliest possible date.

**PRAYER FOR RELIEF**

Plaintiff Pictopia prays for relief against Defendant Replay as follows:

1. For a Declaratory Judgment that Pictopia in no way interferes with Replay's rights under certain agreements Replay claims to have with numerous collegiate institutions;

2. For a Declaratory Judgment that Pictopia continues to have rights to provide its on-line vendor fulfillment services to its customers, independent of and despite the existence of any agreement between Replay and the collegiate institutions;

3. For Plaintiff's attorneys' fees and costs as allowed by law;

//
//
//
//
//

4   For costs of suit herein; and,

5.  For such other and further relief as the Court deems just and proper.

Dated: January 16, 2008                             Respectfully submitted,

                                                    RUSSO & HALE LLP

                                                    By: _____Tim C Hale_____
                                                        Tim C. Hale

                                                    Attorneys for PICTOPIA.COM